```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PATRICK GUENTANGUE,

            Plaintiff,

    -against-

                                09 Civ. 7369 (DAB)
                                ORDER

THE CITY OF NEW YORK, et al.,

            Defendants.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    Pro Se Plaintiff Patrick Guentangue ("Plaintiff") filed the above-captioned action for false arrest, malicious prosecution, and unlawful imprisonment against Defendants the City of New York ("City"), the New York City Police Department ("NYPD"), the New York County District Attorney (the "District Attorney"), and the New York City Department of Corrections ("NYCDOC") on August 21, 2009, pursuant to 42 U.S.C. § 1983.  On January 26, 2010, the District Attorney moved to dismiss the Complaint against it.  Defendant City answered the Complaint on March 29, 2010.

    On February 4, 2010, because Plaintiff had failed to serve properly and timely Defendants NYPD and NYCDOC with the Summons and Complaint, the Court Ordered Plaintiff to show cause as to why his claims against the NYPD and NYCDOC should not be dismissed for failure to prosecute.  The Court warned Plaintiff that if he did not show cause by March 19, 2010, his case against Defendants NYPD and NYCDOC would be dismissed for failure to

prosecute. Having received no response from Plaintiff to the Court's Order to Show Cause, the Court dismissed Plaintiff's claims against the NYPD and NYCDOC on May 18, 2010.

By Motion for Reconsideration dated June 3, 2010 and filed June 10, 2010, Plaintiff requested that the Court reconsider its May 18, 2010 Order dismissing Defendants NYPD and NYCDOC from the case. Plaintiff asserts that he served properly Defendants NYPD and NYCDOC "through their corporation counsel" when he served Defendant City, because "[the NYPD and NYCDOC] are municipal entities of the City of New York, therefore separate service of plaintiff's complaint was not necessary". (Plaintiff's Affidavit in Support of Motion to Reconsider dated June 3, 2010, ("Pl.'s Aff.") at 3.) Defendant City opposed Plaintiff's Motion for Reconsideration in a letter dated July 6, 2010, and received by the Court on July 7, 2010.

Now before the Court are: (1) the Report and Recommendation of United States Magistrate Judge Gabriel W. Gorenstein dated July 1, 2010 ("Report"), recommending that Defendant District Attorney's Motion to Dismiss be GRANTED; (2) Plaintiff's Motion to Reconsider the Court's May 18, 2010 Order dismissing Defendants NYPD and NYCDOC; and (3) Plaintiff's Application for the Court to Request Counsel, dated May 29, 2010 and filed June 4, 2010. For the reasons set forth below, Judge Gorenstein's

Report and Recommendation shall be adopted in its entirety and the District Attorney's Motion to Dismiss shall be GRANTED. Plaintiff's Motion to Reconsider the Court's May 18, 2010 Order shall be DENIED, and Plaintiff's Application for the Court to Request Counsel shall be DENIED at this time, without prejudice.

I. The District Attorney's Motion to Dismiss and Judge Gorenstein's Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). "[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008) (quoting Small v. Sec. of HHS, 892 F.2d 15, 16 (2d Cir. 1989)). This rule applies to pro se parties so long as the magistrate's report "explicitly states that failure to object to the report within [fourteen (14)] days will preclude appellate

3

review and specifically cites 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure." Small, 892 F.2d at 16. Despite being advised of the procedure for filing objections, and warned that failure to file timely objections would preclude appellate review, (Report at 8) Plaintiff has filed no objections to the Magistrate's Report.

Having reviewed the Report, and finding no clear error on the face of the record, see 28 U.S.C. § 636(b)(1)(B), it is hereby ORDERED AND ADJUDGED that the Report and Recommendation of Magistrate Judge Gabriel W. Gorenstein dated July 1, 2010, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety. Defendant District Attorney's Motion to Dismiss the Complaint against it is hereby GRANTED.

II. Plaintiff's Motion to Reconsider the Court's Dismissal of Defendants NYPD and NYCDOC for failure to prosecute

Plaintiff moves the Court to reconsider its May 18, 2010 Order dismissing Defendants NYPD and NYCDOC for failure to prosecute - specifically, for failure properly to serve those Defendants with the Complaint. Plaintiff contends that he did in fact serve Defendants "through their corporation counsel which is the same as for the Defendant, City of New York." (Pl.'s Aff. at 2-3.) Plaintiff asserts that Defendants "are municipal entities

4

of the City of New York, therefore separate service of plaintiff's complaint was not necessary." (Id. at 3.) As to the Court's February 4, 2010 Order to Show Cause, Plaintiff "apologize[s] to this Court for his lack of judgment and his misunderstanding of the Court's request to show cause" and states further that he "thought that it would be impossible for him to serve defendants [NYPD and NYCDOC] separately, because the time limit to do so was long expired under the rule 4(m) of the Federal Rule[s] of Civil Procedure." (Id.)

Defendant City opposes Plaintiff's Motion. As a preliminary matter, Defendant notes, correctly, that the Motion is untimely. Under Local Rule 6.3, notice of motion of reconsideration or reargument "shall be served . . . in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." As the Court's Order was issued on May 18, 2010, Plaintiff's Motion for Reconsideration should have been served by June 1, 2010, at the latest. Plaintiff's Motion was not signed until June 3, 2010, and not filed until June 10, 2010. Plaintiff's Motion is, therefore, untimely.

Defendant also argues that Plaintiff's Motion for Reconsideration should be denied because it fails, as is required on a motion for reconsideration, to present facts or controlling decisions the court overlooked that might have materially

5

influenced its decision. See Shrader v. CSC Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Plaintiff asserts that he served the NYPD and NYCDOC when he served the City at the Office of Corporation Counsel. However, as Defendant explains, service upon the NYPD and NYCDOC cannot be effected at the Office of Corporation Counsel; rather, the proper address for service upon the NYPD is 1 Police Plaza, New York, NY 10007, and the proper address for service upon the NYCDOC is 75-20 Astoria Boulevard, East Elmhurst, New York 11370. Further, Defendant City notes, Plaintiff's own process receipt shows that only one copy of the summons and complaint was served at the Office of the Corporation Counsel, that is, on the City of New York.

While the Court might excuse Plaintiff's multiple procedural failures to prosecute this case, construing Plaintiff's efforts with the leniency typically afforded pro se parties in complying with procedural requirements, see Boomer v. Goord, 283 F.Appx. 855, 858 (2d Cir. 2008), the Court finds that dismissal against Defendants NYPD and NYCDOC is nevertheless appropriate because, as Defendant City points out, the NYPD and NYCDOC are not suable entities in this matter. Chapter 17, section 396 of the New York City Charter provides that "all actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the city of New York and not that of any agency

6

except where otherwise provided by law." As agencies of the City of New York, the NYPD and NYCDOC are non-suable entities. See Walker v. Shaw, 08 Civ. 10043 (CM), 2010 WL 2541711, at *4 (S.D.N.Y. June 23, 2010); Joyner-El v. Giammarella, 09 Civ. 3731 (NRB), 2010 WL 1685957, at *7 (S.D.N.Y. Apr. 15, 2010). Plaintiff accordingly fails to state a claim against Defendants NYPD and NYCDOC, and the Court's finds that its earlier dismissal of Defendants for failure to prosecute is further appropriate for that reason. See 28 U.S.C. § 1915(e)(2) (". . . the court shall dismiss the case at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted"). Plaintiff's Motion to Reconsider the Court's May 18, 2010 Order is DENIED.

III. Plaintiff's Application for the Court to Request Counsel

On June 4, 2010, Plaintiff filed an Application for the Court to Request Counsel dated May 29, 2010.

The Court may in its discretion appoint counsel pursuant to 28 U.S.C. § 1915(e). This section provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Broad discretion, in accordance with sound legal principles, rests with the judge when

7

deciding when to appoint counsel pursuant to this provision. McDonald v. Head Crim. Court Supervisor Officer, 850 F.2d 121 (2d Cir. 1988); Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986) (citing Miller v. Pleasure, 296 F.2d 283, 284 (2d Cir. 1961)). When deciding to appoint counsel the district court:

> should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Wenger v. Canastota Central School District, 146 F.3d 123, 125 (2d Cir. 1998) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)); see also Cooper v. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989).

As the Second Circuit has emphasized, counsel for indigent litigants should not be appointed "indiscriminately." See Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997) (citing Cooper, 877 F.2d at 172-73). Once the Court has decided that Plaintiff's claims have substantial merit, the Court is to consider "the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the

8

plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper, 877 F.2d at 172.

At this time, the merits of Plaintiff's claims for relief against the City of New York are not sufficiently clear to make this determination. Accordingly, Plaintiff's instant application is DENIED WITHOUT PREJUDICE to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

IV. Conclusion

For the reasons set forth above, (1) the Court adopts the Report and Recommendation of Magistrate Judge Gorenstein dated July 1, 2010 in its entirety, and Defendant District Attorney's Motion to Dismiss is GRANTED; (2) Plaintiff's Motion to Reconsider the Court's May 18, 2010 Order is DENIED; and (3) Plaintiff's Application for the Court to Request Counsel is DENIED without prejudice. All claims against the NYPD, NYCDOC, and District Attorney are dismissed. All of Plaintiff's claims against the City of New York – for false arrest, malicious prosecution, and false imprisonment – survive this Order.

SO ORDERED.

Dated:   New York, New York
         July 24, 2010

_Deborah A. Batts_
Deborah A. Batts
United States District Judge